1 BENJAMIN B. WAGNER
United States Attorney
2 MARK E. CULLERS
MICHELE L. THIELHORN
3 Assistant U.S. Attorneys
2500 Tulare Street, Suite 4401
4 Fresno, California 93721
Telephone: (559) 497-4000
5 Facsimile: (559) 497-4099

6
Attorneys for the
7 United States of America

8

IN THE UNITED STATES DISTRICT COURT
9
FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>MICHAEL IOANE,<br><br>        Defendant. | Case No.  1:09-CR-00142-LJO<br><br>UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR BOND PENDING APPEAL<br><br>Date:   February 6, 2012<br>Time:   10:00 a.m.<br>Judge:  Hon. Lawrence J. O'Neill |

18       The United States of America respectfully submits the following

19 in opposition to Defendant's motion for bond pending appeal.  For the

20 reasons set forth below, Defendant's motion should be denied.

21          **LEGAL STANDARD FOR GRANTING BAIL PENDING APPEAL**

22       Title 18, United States Code, Section 3143(b) provides that in

23 order for a district court to grant bail pending appeal, the Court

24 must find the following:

25
          (A) by clear and convincing evidence that the person is
26       not likely to flee or pose a danger to the safety of any
          other person or the community if released; AND
27
          (B) that the appeal is not for purpose of delay and raises
28       a substantial question of law or fact likely to result in

1

1

2
            (i)   reversal,

3
            (ii)  an order for a new trial,
            (iii) a sentence that does not include a term or
4
                  imprisonment, or
            (iv)  a reduced sentence to a term of imprisonment
5
                  less than the total time already served plus the
                  expected duration of the appeal process.

6

7
        Title 18, United States Code, Section 3143(b) was enacted

8
largely to reverse the presumption in favor of bail under the Bail

9
Reform Act of 1966.  U.S. v. Bilanzich, 771 F.2d 292, 298 (7th Cir.

10
1985); U.S. v. Malquist, 619 F.Supp. 875, 878 (D. Mont. 1985).  "It

11
is this presumption [of bail] that the Committee wishes to eliminate

12
in Section 3143[.]"  S. Rep. No. 225, 98th Cong., 2d Sess. 26-27,

13
reprinted in, 1984 U.S. Code Cong. & Admin. News 3182, 3209, 3210,

14
1983 WL 25404 (hereafter "S.Rep. No. 225.").  Hence, Congress has

15
established a presumption favoring incarceration after conviction. As

16
the Senate Judiciary Committee explained:

17
        Once guilt of a crime has been established in a court of
        law, there is no reason to favor release pending
18
        imposition of sentence or appeal.  The conviction, in
        which the defendant's guilt of a crime has been
19
        established beyond a reasonable doubt, is presumably
        correct in law.
20

        Second, release of a criminal defendant into the community
21
        after conviction may undermine the deterrent effect of the
        criminal law, especially in those situations when an
22
        appeal of the conviction may drag on for many months or
        even years.
23

24
S.Rep. No. 225 at 3209; see also U.S. v. Shoffner, 791 F.2d 586, 589

25
(7th Cir. 1986) (stating that "harm results not only when someone is

26
imprisoned erroneously, but also when execution of sentence is

27
delayed because of arguments that in the end prove to be without

28

merit"). As set forth below, defendant fails to make the required showings for release pending appeal.

## DEFENDANT CANNOT ESTABLISH BY CLEAR AND

## CONVINCING EVIDENCE THAT HE WILL NOT BE A FLIGHT RISK

To be released pending appeal, a defendant, not the United States, bears the burden of establishing by clear and convincing evidence that he will not be a flight risk or danger pending appeal. 18 U.S.C. § 3143(b)(1)(A); U.S. v. Wheeler, 795 F.2d 839, 840 (9th Cir. 1986); S.Rep. No. 225 at 3210 ("The burden under this subsection is on the defendant to establish . . . that he will not flee or pose a danger to the safety of any other person or the community").[1]

With regard to this prong, Defendant relies on the Court's prior rulings allowing him to remain released on bond pending sentencing. Though the Court may have previously found Defendant's risk of flight was lessened by the fact that he posted properties for a secured bond, Ioane's circumstances relating to flight have since increased: he has now been sentenced to serve 108 months in prison and may simply prefer to flee rather than serve this prison sentence. Moreover, Ioane still has not accepted responsibility for his conduct. As the Court correctly noted at sentencing, "I think he regrets being caught rather than what he has done."

---

[1] Clear and convincing evidence is that which "produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." Cruzan by Cruzan v. Director, Missouri Dept. of Health, 497 U.S. 261, 285 n.11 (1990) (internal citations omitted).

1
2
3       In addition, the Court found at sentencing that Ioane obstructed
4   justice by testifying falsely at trial.  The Court's findings that
5   defendant perjured himself makes him less trustworthy and less
6   deserving of release in contrast to defendants who do not obstruct
    the judicial process.  According to the Supreme Court:

7           It is rational for a sentencing authority to conclude that
            a defendant who commits a crime and then perjures [him]self
8           in an unlawful attempt to avoid responsibility is more
            threatening to society and less deserving of leniency than
9           a defendant who does not so defy the trial process.  The
            perjuring defendant's willingness to frustrate judicial
10          proceedings to avoid criminal liability suggests that the
            need for incapacitation and retribution is heightened as
11          compared with the defendant charged with the same crime who
            allows judicial proceedings to progress without resorting
12          to perjury.

13  United States v. Dunnigan, 507 U.S. 87, 97-98 (1993).

14      Further, the Court's previous rulings permitting bond fall far
15  below defendant's current request to remain released for what could
16  be a lengthy appeal process.  Rather than presenting any evidence
17  that he will not be a flight risk or danger during the appellate
18  process, Defendant only relies on the Court's prior decisions
19  allowing him to remain released pre-sentencing.
20
21      Based on the combination of factors above, Defendant's release
22  prior to sentencing differs from release on appeal.  Defendant has
23  been sentenced to 108 months in prison, he has not accepted
24  responsibility for his conduct, and his obstruction of justice makes
25  him less trustworthy and less deserving than other defendants.
26  Because Defendant fails to show by clear and convincing evidence that
27  he will not be a flight risk or danger pending appeal, his motion
28  should be denied.

4

1

2
**DEFENDANT CANNOT SHOW HIS APPEAL RAISES A SUBSTANTIAL QUESTION OF LAW LIKELY TO RESULT IN REVERSAL OR A NEW TRIAL**

3      Even assuming *arguendo* that Ioane could establish he is not a

4 flight risk, Ioane would still fail to meet his statutory burden with

5 respect to the other requirements of Section 3143(b)(1)(B), namely:

6
7
> that the appeal . . . raises a substantial
> question of law or fact likely to result in—

8
> (i) reversal,

9
> (ii) an order for a new trial,

10
11
> (iii) a sentence that does not include a term of
> imprisonment, or

12
13
> (iv) a reduced sentence to a term of
> imprisonment less than the total of the time
> already served plus the expected duration of the
> appeal process.

14 "The burden under [Section 3143(b)] is on the defendant to establish

15 . . . that his appeal under subsection (b) is not taken for purpose

16 of delay and raises a substantial question of law or fact likely to

17 result in reversal or an order for a new trial."  S.Rep. No. 225 at

18 3210; see also <u>Bilanzich</u>, 771 F.2d at 298 (same).  As set forth

19 below, defendant has not met his burden on these issues.

20
21      The statute requires that Ioane show that his appeal raises a

22 substantial question of law or fact which is "likely" to result in

23 reversal, a new trial, or very specific reductions in his terms of

24 imprisonment.  18 U.S.C. § 3143(b)(1)(B).  The Ninth Circuit has

25 stated that "the term 'substantial' defines the level of merit

26 required in the question presented, and the phrase 'likely to result

27 in reversal [or] an order for a new trial' defines the type of

28 question that must be presented."  <u>United States v. Handy</u>, 761 F.2d

1279, 1280 (9th Cir. 1985).  The court explained that a "substantial question" is one that is "fairly debatable" or "fairly doubtful." Id. at 1281.

Here, Defendant states he will raise several issues on appeal including the denial of his motion to dismiss for violation of the Speedy Trial Act and the denial of his motion(s) for judgment of acquittal and for a new trial.  The United States will not rehash the multitude of arguments Ioane presented in his motions to dismiss, for a judgment of acquittal, for a new trial, and his objections presented at sentencing but will note that none of Defendant's previous motions raised a "substantial question" of law that was "fairly debatable."

The United States previously filed responses to each of Defendant's arguments and will incorporate its previous responses by reference herein.  The Court reviewed the briefs, heard the evidence at trial, considered the parties' arguments at sentencing, and uniformly rejected Defendant's arguments.

## CONCLUSION

As Defendant has not met his burden of demonstrating by clear and convincing evidence that he is not a flight risk nor can Defendant show that his appeal "raises a substantial question of law

////

////

////

////

////

1    or fact likely to result in a reversal or an order for a new trial"

2    as required by Section 3143(b), the Court should deny his motion.

3

4

5    Dated: February 2, 2012                Respectfully submitted,

6                                           BENJAMIN B. WAGNER
                                            United States Attorney

7
                                    By:  /s/ MICHELE L. THIELHORN
8                                        MARK E. CULLERS
                                         MICHELE L. THIELHORN
9                                        Assistant U.S. Attorneys

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28