# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL S. IOANE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

1:09-cr-00142 LJO

**ORDER REQUESTING RESPONSE RE MOTIONS TO SUPPLEMENT (DOC 269), FOR DISCOVERY (DOC. 272), AND FOR EXPERT WITNESS (DOC. 274);**

**GRANTING MOTION TO SUPPLEMENT RECORD WITH TABLE OF CONTENTS (DOC. 279);**

**AND DENYING MOTIONS FOR BAIL (DOC. 275) AND TO SEAL (DOC. 278)**

    Federal prisoner, Michael S. Ioane ("Petitioner"), is proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). Doc. 271. The Court has requested a response from the United States, which is due in mid-February 2015. Doc. 277.

    Petitioner also filed: a request to supplement the record with more than sixty exhibits referenced in his § 2255 motion, Doc. 269; a motion for discovery, Doc. 272; and a request for the Court to pay for an expert witness, Doc. 274. As all three of these motions are closely related to the merits of the pending § 2255 Motion, the United States is directed to address these requests in its response. No replies are authorized unless and until ordered by the Court.

    Petitioner's separate motion to supplement the record with a table of contents for his lengthy § 2255 Motion, Doc. 279, is GRANTED.

    Also pending is Petitioner's request to seal all of the exhibits that were lodged alongside Petitioner's request to supplement the record. Doc. 278 at 1. The only justification Petitioner offers for this request is that "[t]hese confidential documents include, but are not limited to, personal financial records such as tax returns, trust indentures, beneficiaries' names, corporate records, [and] bankruptcy

1

papers." *Id*. Eastern District of California Local Rule 140 governs the sealing of documents in this Court. To the extent that Petitioner is concerned that the documents he lodged contain confidential identifying information, Local Rule 140(a) provides that "when filing documents" a party shall "omit" or "partially redact" personal data identifiers, such as financial account numbers, social security numbers, dates of birth, and other information when federal law requires redaction. It is not the Court's burden to scour the exhibits, which fill four expandable court record file folders, submitted by Petitioner for information that Petitioner should have omitted or redacted from the record. Petitioner has not provided any alternative legal basis for sealing these records. Accordingly, the request to seal, Doc. 278, is DENIED. The Court will entertain a request from Petitioner to return the lodged documents to him or replace them with properly redacted copies.

Finally, Petitioner has also requested that he be released on bail pending the resolution of this § 2255 Motion. A § 2255 defendant is entitled to bail pending review only if he or she can demonstrate special circumstances or a high probability of success. *United States v. Mett*, 41 F.3d 1281 (9th Cir. 1994); *Lands v. Deeds*, 878 F.2d 318, 319 (9th Cir. 1989).[1] As to the likelihood that Petitioner will succeed on his § 2255 Motion, all of the grounds raised relate to Petitioner's contention that his trial counsel was ineffective. In considering a claim of ineffective assistance of counsel, the Court must consider whether counsel's representation fell below an objective standard of reasonableness and whether the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Id*. at 686. This is a high threshold. The Court's preliminary review of the § 2255 Petition does not reveal a high probability that Petitioner will succeed on his claims.

As to the alternative "special circumstances" that might warrant bail pending the resolution of a

---

[1] There is some authority to suggest that this standard should be read in the conjunctive, not the disjunctive, so as to require both special circumstances and a high probability of success. *See Hall v. San Francisco Superior Court*, No. C 09-5299 PJH, 2010 WL 890044, at *3 (N.D. Cal. Mar. 8, 2010). In an abundance of caution, the Court will evaluate the standard as though it is disjunctive.

2

§ 2255 Motion, Petitioner claims such circumstances exist here because "Petitioner has been subjected to severe misconduct by the government, including abuse by federal agents," allegations that are the subject of a *Bivens* complaint currently pending before another District Judge in this District under Case. No. 1:07-cv-00620 AWI GSA. Doc. 275 at 10. Petitioner points out that the complaint in that case survived a motion to dismiss and has been set for trial. *Id*. Petitioner omits to explain, however, that in the *Bivens* case, a defense motion for summary judgment is pending and no factual findings have been made. That allegations in a complaint survived a motion to dismiss establishes nothing. Moreover, even if misconduct had taken place, Petitioner has failed to cite any authority to support a finding that such misconduct would constitute the type of "special circumstances" that would warrant bail pending resolution of a § 2255 Motion. Petitioner's motion for bail, Doc. 275, is DENIED.

IT IS SO ORDERED.

Dated: **December 19, 2014**     /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE