**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MICHAEL S. IOANE,** | **1:09-cr-00142 LJO** |
| **Petitioner,** | **ORDER RE MOTION TO AMEND §** |
| | **2255 PLEADINGS (Doc. 283) AND** |
| **v.** | **MOTION FOR RECONSIDERATION** |
| | **OF ORDER DENYING BAIL PENDING** |
| **UNITED STATES OF AMERICA,** | **RULING ON PENDING OUTCOME OF** |
| | **§ 2255 MOTION (Doc. 282)** |
| **Respondent.** | |

Federal prisoner, Michael S. Ioane ("Petitioner"), is proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). Doc. 271. The Court has requested a response from the United States on the § 2255 Motion and certain related motions. *See* Docs. 276 & 281.

In a motion filed January 14, 2015, Petitioner requests that he be permitted to amend his § 2255 Motion to add an argument concerning his Sixth Amendment right to a speedy trial. Doc. 283. As his request to amend appears to fall within the one year statute of limitations set forth in 28 U.S.C. § 2255 and because the United States' has not yet responded to the original petition, the request to amend is GRANTED. Defendant shall have twenty (20) days to file an amended § 2255 motion that adds to his original petition **only** the text proposed in the attachment to his motion to amend. The deadline for the United States' response to the petition is extended by 45 days to afford the government additional time to incorporate a response to this new argument.

Petitioner previously moved for bail pending the resolution of his § 2255 Motion. Doc. 275. This request was denied by a December 22, 2014 Order, which stated, in pertinent part:

> A § 2255 defendant is entitled to bail pending review only if he or she can
> demonstrate special circumstances or a high probability of success. *United*

1

*States v. Mett*, 41 F.3d 1281 (9th Cir. 1994); *Lands v. Deeds*, 878 F.2d 318, 319 (9th Cir. 1989). As to the likelihood that Petitioner will succeed on his § 2255 Motion, all of the grounds raised relate to Petitioner's contention that his trial counsel was ineffective. In considering a claim of ineffective assistance of counsel, the Court must consider whether counsel's representation fell below an objective standard of reasonableness and whether the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Id.* at 686. This is a high threshold. The Court's preliminary review of the § 2255 Petition does not reveal a high probability that Petitioner will succeed on his claims.

As to the alternative "special circumstances" that might warrant bail pending the resolution of a § 2255 Motion, Petitioner claims such circumstances exist here because "Petitioner has been subjected to severe misconduct by the government, including abuse by federal agents," allegations that are the subject of a *Bivens* complaint currently pending before another District Judge in this District under Case. No. 1:07-cv-00620 AWI GSA. Doc. 275 at 10. Petitioner points out that the complaint in that case survived a motion to dismiss and has been set for trial. *Id.* Petitioner omits to explain, however, that in the *Bivens* case, a defense motion for summary judgment is pending and no factual findings have been made. That allegations in a complaint survived a motion to dismiss establishes nothing. Moreover, even if misconduct had taken place, Petitioner has failed to cite any authority to support a finding that such misconduct would constitute the type of "special circumstances" that would warrant bail pending resolution of a § 2255 Motion. Petitioner's motion for bail is DENIED.

Doc. 281 at 2-3. Petitioner now moves for reconsideration of that decision, reiterating the points he made in his original motion and arguing that he is likely to succeed on his new Sixth Amendment claim. "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." *Id.* Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.,* 134 F.Supp.2d 1111, 1131 (9th Cir. 2001). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion ...." Petitioner has offered no new facts or law that he could not have presented in his initial motion. Moreover, Petitioner has not demonstrated a high

probability of success on his new, Sixth Amendment claim. The motion for reconsideration is DENIED.

## **CONCLUSION AND ORDER**

For the reasons set forth above:

(1) Petitioner's motion to amend his § 2255 motion is GRANTED. Defendant shall have twenty (20) days to file an amended § 2255 motion that adds to his original petition **only** the text proposed in the attachment to his motion to amend. The deadline for the United States' response to the petition is extended by 45 days to afford the government additional time to incorporate a response to this new argument.

(2) Petitioner's motion for reconsideration of his request for bail pending the outcome of his § 2255 motion is DENIED.


IT IS SO ORDERED.

Dated:   **January 16, 2015**              **/s/ Lawrence J. O'Neill**
                                   UNITED STATES DISTRICT JUDGE