# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL S. IOANE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:09-cr-00142 LJO<br><br>**ORDER GRANTING REQUEST TO AMEND § 2255 (DOC. 291); AND DENYING REQUEST TO CONDUCT DISCOVERY PRIOR TO UNITED STATES' RESPONSE (Doc. 292).** |

Federal prisoner Michael S. Ioane ("Petitioner") is proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). Doc. 271. The Court has requested a response from the United States.

On January 14, 2015, Petitioner filed a motion to amend his original § 2255 Motion. Doc. 283. That request was granted, in part because the request arguably was made within the applicable statute of limitations. Doc. 284. Petitioner was permitted twenty (20) days to file an amended § 2255 motion, and the United States was given additional time to file its response. *Id.*

On March 4, 2015, Petitioner filed yet another request to amend his § 2255 Motion. Doc. 291. This request falls outside the applicable statute of limitations. (Petitioner's petition for a writ of certiorari was denied by the United States Supreme Court on January 13, 2014, meaning that the

1

deadline for him to file any § 2255 Motion expired on January 14, 2015. *See* 28 U.S.C. § 2255(f); *Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that judgment becomes final on the day that the Supreme Court either denies certiorari or affirms on the merits).) Nevertheless, the proposed amendments may be considered timely under Federal Rule of Civil Procedure 15(c) after the one-year statute of limitations has run if the amendments relate back to the original claims. "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). Here, Petitioner requests permission to amend his petition in order to expand a previously articulated argument. Doc. 291. Accordingly, the proposed amendment will be permitted. However, this will be the last time Petitioner will be permitted to amend. Neither the Court nor the United States can proceed to evaluate an ever-moving target.

Also on March 4, 2015, Petitioner filed a "Motion to Conduct Discovery Prior to United States' Response to Section 2255 Motion." Doc. 292. This follows an earlier Motion to Conduct Discovery filed by Petitioner on December 10, 2014, Doc. 272, to which the Court requested the United States respond. *See* Doc. 281. Petitioner now expresses his disagreement with the Court's decision to permit the United States an opportunity to respond to the motion for discovery alongside its response to the underlying § 2255 Motion. Petitioner contends that the delay that would result from this process is prejudicial to him "since the documents Petitioner requests are exculpatory in nature and [] would support and strengthen Petitioner's Section 2255 Motion." Doc. 292 at 1. Moreover, Petitioner contends "the documents may be voluminous in nature and to deny Petitioner sufficient time to review [the] discovery, due to this delay, would cause prejudice to Petitioner as well." *Id*. Given Petitioner's insistence upon treatment of his discovery request as an urgent matter, the Court will rule on it here, rather than alongside the § 2255 Motion.

Pursuant to the Rule 6(a) of the Rules Governing Section 2255 Proceedings, "a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." A party requesting discovery

must provide "reasons" for the request. *Id.* "[D]iscovery is available ... at the discretion of the district court judge for good cause shown, regardless of whether there is to be an evidentiary hearing." *Jones v. Wood,* 114 F.3d 1002, 1009 (9th Cir. 1997). Good cause is shown when the "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief ..." *Bracy v. Gramley*, 520 U.S. 899, 908-909 (1997). A discovery request must be specific. Rule 6(b) states that "[a] party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents."

Here, Petitioner alleges that his lawyer, Anthony Capozzi, was incompetent because counsel "failed to request pertinent discovery from the Government, which more than likely would have contained exculpatory evidence." Doc. 292 at 2. Likewise, Petitioner contends that his counsel completely failed to conduct pretrial investigation or research, that this "led to a multitude of deficiencies" as set forth in the § 2255 Motion, and that discovery of "solid evidence that Counsel failed to obtain" would strengthen Petitioner's case. *Id*. This lacks sufficient specificity to permit the Court to determine whether further Petitioner may, if the facts are fully developed, be able to demonstrate entitlement to relief. "[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Court N.D. Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996). Accordingly, the Court DENIES WITHOUT PREJUDICE Petitioner's request for discovery. The United States is no longer required to address Petitioner's request for discovery in its response/opposition to the § 2255 Petition.

## **CONCLUSION**

For the reasons set forth above:

(1) Petitioner's request to amend his § 2255 petition is GRANTED. Petitioner shall have fourteen (14) days from the date of entry of this order to file an amended petition that adds only that text and those attachments proposed for amendment in Document 291. No further amendments will be

3

permitted. The United States' time for filing any response is likewise extended by an additional fourteen days. No replies are authorized unless and until ordered by the Court.

(2) Petitioner's request for discovery prior to the United States' response is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: **March 17, 2015**      **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE