# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| MICHAEL S. IOANE, | 1:09-cr-142-LJO |
|---|---|
| Petitioner, | **ORDER ON 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** (Docs. 289, 296) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. INTRODUCTION

Michael S. Ioane ("Petitioner"), a prisoner in federal custody proceeding pro se, moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("§ 2255"). Docs. 289, 296. For the reasons discussed below, the Court DENIES Petitioner's motion in its entirety.[1]

## II. FACTUAL AND PROCEDURAL BACKGROUND[2]

In October 2011, a jury found Petitioner guilty of federal tax fraud conspiracy under 18 U.S.C. § 371 and the presentation of fictitious United States financial instruments under 18 U.S.C. § 514(a)(2). 2011. On January 30, 2013, Petitioner was sentenced to 108 months in custody. Petitioner's § 2255 is

---

[1] On December 10, 2014, Petitioner filed his initial § 2255 motion (Doc. 271), on February 9, 2015, he filed an amended § 2255 motion (Doc. 289), and on March 25, 2015 he filed another amended § 2255 motion. Because Petitioner's second amended § 2255 motion only briefly expands on one aspect of his first amended § 2255 motion, *see* Doc. 293 at 2, the Court will refer to his two amended § 2255 motions collectively as "Petitioner's § 2255 motion" or "the § 2255 motion."

[2] Although the Court has reviewed the entire relevant record, the Court will discuss only the facts necessary to resolve Petitioner's § 2255 motion.

1

premised on his assertion that his counsel was incompetent and/or ineffective for the following reasons:

(1) This Court lacked jurisdiction to issue a judgment of conviction and sentence because Petitioner's Sixth Amendment right to a speedy trial was violated due to his counsel's failure to research applicable case law regarding the Speedy Trial Act, which constituted ineffective assistance of counsel.

(2) He failed to move to dismiss Count One of the indictment as invalid for failing to include the "deceitful or dishonest means" element of an 18 U.S.C. § 371 violation.

(3) He failed to argue in Petitioner's Fed. R. Crim. P. 29 motion that the bills of exchange at issue were not sufficiently credible to trigger liability under 18 U.S.C. § 514.

(4) He failed to object to erroneous *Pinkerton*[3] jury instructions.

(5) He failed to objection to an erroneous application of the Sentencing Guidelines.

(6) He failed to challenge the sufficiency of the indictment pre-trial, or move for judgment of acquittal post-trial, on the ground the necessary element of intent to defraud was not present.

(7) He failed to request a jury instruction clarifying the "false and fictitious financial obligation" element of an 18 U.S.C. § 514 violation.

(8) He failed to object to the testimony of the government's expert witness.

(9) He failed to investigate and present a mental state defense.

(10) He failed to move to suppress evidence seized pursuant to a warrant lacking probable cause.

(11) He failed to object to perjured testimony and/or move to dismiss based on prosecutorial misconduct.

(12) His overall deficient performance had a negative cumulative impact.

*See* Doc. 289 at 24-28.

The Government opposes Petitioner's entire § 2255 motion. Doc. 294. The Government asserts that Petitioner is procedurally barred from asserting his first six arguments concerning his counsel's alleged ineffective assistance because they were "addressed by [this] court and/or on direct appeal and

---

[3] *Pinkerton v. United States*, 328 U.S. 640 (1946).

cannot be raised again on collateral review." *Id.* at 14.[4] The Government therefore argues that "[a]lthough framed in the language of ineffective assistance of counsel," those six arguments "are in fact attempts to reexamine and re-litigate rulings of [this] court and the Ninth Circuit, and are thus procedurally barred under the 'law of the case' doctrine." *Id.* at 15.

As to Petitioner's remaining arguments, the Government contends that they do not show that Petitioner's counsel was ineffective. *Id.* at 34. The Government argues that, even assuming the truth of Petitioner's arguments and supporting allegations, he "cannot prevail on his ineffective assistance claim because he cannot demonstrate that the level of representation fell below an objective standard of reasonableness." *Id.* at 35.

### III. DISCUSSION

**A.    Legal Standards.**

**1. Section 2255.**

A petitioner can collaterally attack his conviction and sentence under § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotations

---

[4] As discussed below, the Government provides additional reasons Petitioner's first argument fails.

3

omitted), *cert. denied*, 520 U.S. 1269 (1997).

**2. Law of the Case Doctrine.**

The law of the case doctrine generally precludes a court from "reconsidering an issue that already has been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). "The United States Supreme Court and the Ninth Circuit alike have recognized that an action brought following a reversal and remand for further proceedings in the same litigation is the same case for purposes of application of the law of the case doctrine." *Ischay v. Barnhart*, 383 F. Supp. 2d 1199, 1218 (C.D. Cal. 2005) (citing *Hartford Life Ins. Co. v. Blincoe*, 255 U.S. 129, 136 (1921); *Hansen & Rowland v. C.F. Lytle Co.*, 167 F.2d 998, 998-99 (9th Cir. 1948)).[5] "For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in the previous disposition." *United States v. Lumni Nation*, 763 F.3d 1180, 1185 (9th Cir. 2014) (emphasis in original) (quoting *United States v. Lumni Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000)). "An argument is rejected by necessary implication when the holding stated or result reached is inconsistent with the argument." *United States v. Jingles*, 702 F.3d 494, 502 (9th Cir. 2012) (quoting *United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005)).

**3. Ineffective Assistance of Counsel.**

The law governing ineffective assistance of counsel claims is clearly established. *Canales v. Roe*, 151 F.3d 1226, 1229 (9th Cir. 1998.). In *Strickland v. Washington,* the Supreme Court held that there are two components to an ineffective assistance of counsel claim: "deficient performance" and "prejudice." 466 U.S. 668, 694 (1984). Establishing "deficient performance" requires the movant to show that

---

[5] The law of the case doctrine has three exceptions that may permit departure from the law of the case when: (1) the original decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial. *Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002). No party suggests that any of these exceptions applies here; *see also United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) ("A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result.").

4

counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* at 687. "Deficient performance" means representation that "fell below an objective standard of reasonableness." *Stanley v. Cullen,* 633 F.3d 852, 862 (9th Cir. 2011) (citing *Strickland*, 466 U.S. at 688). "Where… a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). To demonstrate prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter* 562 U.S. 86 (2011). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *United States v. Leonti*, 326 F.3d 1111, 1120 (9th Cir. 2003).

The Supreme Court has held that "the two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart,* 474 U.S. 52, 58 (1985). In the context of guilty pleas, the first prong of the *Strickland* test echoes the standard of attorney competence set forth *McMann. Id.* at 58–59; *see also, Tollett v. Henderson,* 411 U.S. 258, 267 (1973) (holding that a defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann."* ). "The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

5

**B. All of Petitioner's Arguments Fail.**

    **1. Because Petitioner's His Sixth Amendment Rights Were Not Violated, the Court Had Jurisdiction to Sentence Him.**

To determine whether Petitioner's Sixth Amendment right to a speedy trial has been violated, the Court assesses "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice resulting from the delay." *United States v. King*, 483 F.3d 969 (9th Cir. 2007) (citing *Barker v. Wingo*, 407 U.S. 514, 531-33 (1972)). "The reason for the delay, however, is the 'focal inquiry.'" *Id.* (quoting *United States v. Sears, Roebuck & Co.*, 877 F.2d 732, 739-40 (9th Cir. 1989)).

Petitioner argues that the Court had no jurisdiction to sentence him because his "Sixth Amendment right to a speedy trial was clearly violated by improper delays, including delays for the purpose of plea negotiations between [a] codefendant . . . and the Government." Doc. 289 at 36. Specifically, Petitioner argues that his "right to a speedy trial was violated because there was 857 days of non-excludable delays between arraignment and trial." *Id.* at 40.

The Government argues that Petitioner is precluded under the law of the case from asserting his Sixth Amendment right to a speedy trial was violated due to continuances and exclusions of time because the Ninth Circuit has already rejected that argument. Doc. 294 at 16.[6]

As the Government correctly notes, "[a]lthough the time period from [Petitioner's] arraignment to trial was 29 months," nine months of that delay was caused exclusively by [Petitioner]." Doc. 294 at 22. Thus, "excluding the delays created by [Petitioner], the actual delay from arraignment to trial was 20 months." *Id.* The Government further correctly notes that the Ninth Circuit has held that 20 months

---

[6] The Ninth Circuit's previous decision in this case concerned some, but not all of the periods of time that Petitioner claims were improperly excluded. As such, the law of the case does not bar Petitioner's pending arguments entirely because the Ninth Circuit did not address them explicitly or by necessary implication. Regardless, the Court need not address that issue because Petitioner's argument fails on other grounds.

6

between arrest and trial is not excessive. *Id.* (citing *King*, 483 F.3d at 976); *see also King*, 483 F.3d at 967 ("*See United States v. Gregory*, 322 F.3d 1157, 1162 (9th Cir. 2003) ('Given that the [22-month] delay was not excessively long, however, it does not weigh heavily in Gregory's favor.'); *United States v. Lam*, 251 F.3d 852, 857 (9th Cir. 2001) (although an approximately 15-month delay was long enough to trigger Barker inquiry, it only 'militate[d] slightly in Lam's favor'); *Beamon*, 992 F.2d at 1014 (17-month and 20-month delays between indictment and arrest were not 'great').

The Government correctly argues that "[w]hen a defendant asserts his right to a speedy trial, yet advanced numerous stipulations to continue the trial as [Petitioner] did in this case, his diligence to assert his right is questionable." Doc. 294 at 23 (citations omitted). Like the defendant in *King*, Petitioner "at times asserted his right to a speedy trial, at other times he acquiesced in and sought continuances and exclusions of time. *See United States v. Loud Hawk*, 474 U.S. 302, 314 (1986) (although defendant repeatedly asserted his speedy trial right, '[t]hese assertions . . . must be viewed in the light of [his] other conduct')." 483 F.3d at 976-77. This "does not strongly counsel in favor of finding a Sixth Amendment violation." *Id.* at 976.

Finally, the Government notes that Petitioner "was free on bond during the course of these proceedings," and correctly argues that "the fact that [he] was not incarcerated weighs against a finding of prejudice." Doc. 294 (citations omitted).

In sum, none of the *Barker* factors supports a finding that Petitioner's Sixth Amendment right to a speedy trial was violated. Petitioner's § 2255 motion therefore is DENIED on the ground this Court lacked jurisdiction because Petitioner's right to a speedy trial was violated.

**2. Petitioner's Counsel Moved to Acquit Because the Indictment Did Not Include the "Deceitful and Dishonest Means" Element of a § 371 Violation.**

Petitioner's counsel moved to acquit Petitioner on the first count for conspiracy in violation of § 371, arguing, among other things, "there must be an allegation of deceitful or dishonest conduct" and

"the Indictment did not make this allegation." Doc. 294-6 at 23. On appeal, Petitioner's counsel argued that Petitioner's conviction for violating § 371 should be reversed for a new trial because this Court's jury instructions "constructively amended the charge found by the grand jury." Doc. 294-3 at 16. The Ninth Circuit affirmed, reasoning:

> [Petitioner's] instructional-error claims also fail. The district court's initial instructions regarding conspiracy to defraud were consistent with the definition of § 371 conspiracy in *United States v. Caldwell*, 989 F.2d 1056, 1058–59 (9th Cir.1993), and our model § 371 instruction, and they did not constructively amend [Petitioner's] indictment.

*Ioane*, 524 Fed. App'x at 385 (citations omitted).

Although Petitioner's counsel did not move to dismiss the indictment, after trial he moved for acquittal on the precise ground that Petitioner claims he should have argued at an earlier stage of the proceedings—that the indictment failed to include allegations concerning the "deceitful and dishonest means" element of a § 371 violation. The Court denied the motion. Therefore, Petitioner's counsel was not ineffective for not moving to dismiss count one of the indictment for violation of § 371 because the Court would not have dismissed the count. Accordingly, Petitioner's § 2255 motion is DENIED on that ground.

**3. Petitioner's Counsel Moved to Acquit the Bills of Exchange Counts on the Ground They Were Insufficient to Trigger Liability Under § 514.**

After trial, Petitioner's counsel moved to dismiss the bill of exchange counts, arguing

> [t]he evidence presented by the government in the instant case is insufficient to prove an essential element of the charged offense: That the instruments purported or contrived through scheme or artifice to be an actual financial instrument under the authority of the United States, specifically the Treasury Department.

Doc. 294-6 at 26. On appeal, Petitioner's counsel argued the same. *See* Doc. 294-3 at 12-14. The Ninth Circuit affirmed this Court in its entirety, holding that Petitioner's "claim of insufficient evidence to support the § 514(a)(2) convictions lacks merit" because "the 'Bills of Exchange' that [Petitioner] prepared fall well within the scope of § 514(a)(2)." *Ioane*, 524 Fed. App'x at 385. Accordingly,

8

Petitioner's § 2255 motion is DENIED on the ground his counsel was ineffective for failing to argue that the Bills of Exchange were not sufficiently credible to trigger liability under § 514.

**4. Petitioner's Counsel Was Not Ineffective for Failing to Object to the *Pinkerton* Instruction.**

On appeal, the Ninth Circuit held that this Court "erroneously discussed liability under *Pinkerton*," noting that "because [Petitioner] failed to object, we review for plain error." *Id.* (citation omitted). The Ninth Circuit held, however, that "[e]ven assuming that the instructional error affected [Petitioner's] substantial rights, the overwhelming and convincing evidence, including detailed testimony from [Petitioner's] alleged co-conspirator, demonstrates that a different decision by the jury would be 'extremely unlikely.'" *Id.* (citations omitted).

The Court therefore agrees with the Government that Petitioner's "[c]ounsel's failure to object to the instruction did not prejudice [Petitioner] in light of the overwhelming evidence presented at trial as noted by the Ninth Circuit." Doc. 294 at 31. Accordingly, Petitioner's § 2255 motion is DENIED on the ground his counsel was ineffective for failing to object to the *Pinkerton* instruction. That argument is barred under the law of the case.

**5. Petitioner's Counsel Objected to the Sentencing Guidelines Calculations.**

Petitioner claims that his counsel was ineffective because he failed to object to this Court's application of incorrect sentencing Guidelines. Specifically, Petitioner claims this Court's "sentencing guideline calculations were incorrect because . . . [his] sentence should have been calculated under § 2T1.9, which governs tax-related offenses, not § 2B1, which generally governs fraud-related offenses. Doc. 289 at 93. Petitioner claims that had his counsel "conducted the necessary research, he would have quickly determined that the tax guideline was more appropriate, and more favorable to Petitioner." *Id.* at 95. Petitioner contends that counsel's "failure to object to the Court's calculation of the guideline offense level under the inappropriate fraud-related Sentence Guidelines severely prejudiced Petitioner."

9

*Id.* at 96.

The Government correctly observes that Petitioner's counsel objected on precisely these grounds. In his objections to the Presentence Report ("PSR"), Petitioner's counsel provided an expert report from Michael H. Berg, a retired United States Probation Officer, who stated, among other things, that the appropriate Guideline section was § 2T1.1 (tax evasion) and not § 2B1.1 (fraud). *Report of Michael H. Berg* (filed under seal) at 5. The Probation Office responded to Petitioner's counsel's objections, stating that "the defendant suggests . . . the applicable guideline section utilized [in the PSR] is 2B1.1 (Fraud) and not 2T1.1 (Tax Evasion)." *December 29, 2011 Memorandum by U.S. Probation Officer Melinda S. Peyret* (filed under seal) at 5.

Contrary to Petitioner's assertion, his counsel did object to the use of Guidelines § 2B1.1 instead of § 2T1.9. Even if Petitioner's counsel failed to make that objection, the Court nonetheless agreed (and continues to agree) with the PSR's use of Guidelines § 2B1.1. Petitioner's § 2255 motion therefore is DENIED on the ground counsel was ineffective for failing to object to the Court's application of the Guidelines.

**6. Petitioner's Counsel Moved to Acquit Due to a Lack of Requisite Intent.**

Petitioner argues his counsel was ineffective "because he failed to file a . . . post-trial motion for judgment of acquittal, based on the fact that it was an impossibility for . . . Petitioner to have had the necessary intent to defraud." Doc. 289 at 98. But Petitioner's counsel made that exact argument in his motion to acquit. He argued "there was no evidence presented that [Petitioner] . . . acted with the intent to defraud." Doc. 294-6 at 27. Petitioner's § 2255 motion therefore is DENIED on the ground his counsel was ineffective for failing to argue that Petitioner lacked the requisite intent.

**7. Petitioner's Remaining Arguments Do Not Show His Counsel Was Ineffective.**

Petitioner's remaining arguments have no merit. The Court incorporates by reference the

Government's opinion to those arguments. Even assuming the truth of Petitioner's allegations underlying his remaining arguments, they do not demonstrate that his counsel's performance "fell below an objective standard of reasonableness." As importantly, even if Petitioner's allegations were correct, he cannot demonstrate prejudice. There was probable cause to issue the challenged search warrant; there was ample evidence to indict and prosecute Petitioner; and the evidence provided to the jury was more than sufficient to convict him. Even if Petitioner's counsel had done the things that Petitioner now claims counsel should have done, the course of the proceedings and the outcome of the case would have been the same. As the Ninth Circuit observed, there was sufficient, even "overwhelming and convincing," evidence to support his convictions. *See Ioane*, 524 Fed. App'x at 385. Accordingly, Petitioner's § 2255 motion is DENIED in its entirety.

**C. Certificate of Appealability**

A defendant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a defendant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the Court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, a defendant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the Court has denied a § 2255 motion or claims within the motion on the merits, a defendant must show that reasonable jurists would find the Court's decision on the merits to be debatable or wrong. *Id*.

The Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right as to the alleged ineffective assistance of his counsel. The Court further finds that

reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. *Slack*, 529 U.S. at 483. Accordingly, the Court declines to issue a certificate of appealability.

### IV. CONCLUSION AND ORDER

For the reason discussed above, the Court DENIES Petitioner's § 2255 motion (Docs. 271, 289) in its entirety. Accordingly, the Court also DENIES Petitioner's motion for bail pending the resolution of his § 2255 motion (Doc. 275) and his motion for reconsideration of bail (Doc. 282).

IT IS SO ORDERED.

Dated: **May 12, 2015**                    **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE