UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL S. IOANE,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 1:09-cr-142-LJO<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 307) OF ORDER DENYING PETITIONER'S<br>§ 2255 MOTION (Doc. 303) |

Currently before the Court is Petitioner Michael S. Ioane's Fed. R. Civ. P. 59(e) ("Rule 59(e)") motion to alter or amend the Court's decision denying his petition under 28 U.S.C. § 2255 ("§ 2255"). Doc. 307. "A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (emphasis, quotation marks, and citation omitted). Petitioner only challenges the Court's order denying his § 2255 motion, arguing that it is riddled with errors; he does not argue any newly discovered evidence exists or that an intervening change in the controlling law occurred. In sum, he disagrees with the Court's original decision.

The Court has reviewed the relevant record, including Petitioner's almost 600 pages of briefing contained in his: (1) first amended § 2255 motion (Doc. 289); (2) second amended § 2255 motion (Doc. 296); (3) motion for bail pending the Court's resolution of his § 2255 motion (Doc. 275); (4) motion for reconsideration of the Court's order denying bail (Docs. 281, 282); (5) Rule 59(e) motion for reconsideration of the Court's order denying his § 2255 motion (Doc. 307); and (6) reply in support of

that motion (Docs. 316, 317). In addition, the Court has reviewed the Government's oppositions to Petitioner's § 2255 motion and Rule 59(e) motion (Docs. 294, 311), the Court's relevant prior orders (Docs. 293, 303), the Ninth Circuit's decision in *United States v. Ioane*, 524 Fed. App'x 383 (2013), affirming Petitioner's convictions and sentence, and the relevant portions of the appellate record in that case.

Distilled, Petitioner claims he is entitled to § 2255 relief for two primary reasons: (1) his rights under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161, were violated; and (2) his counsel was ineffective, in violation of his Sixth Amendment rights. *See* Doc. 296 at 23 (petitioner explaining at the outset that his § 2255 motion "raises [these] two issues"). The Court previously denied Petitioner's § 2255 motion because his arguments were barred by the law of the case under the Ninth Circuit's *Ioane* decision and/or they lacked merit. With regard to Petitioner's STA arguments, they are barred by the law of the case under *Ioane* and otherwise lack merit. Petitioner's ineffective assistance of counsel arguments likewise lack merit. To the extent Petitioner raises new arguments in his Rule 59(e) motion, the Court lacks jurisdiction to consider them and, in any event, they too lack merit.[1] The Court finds it did not commit any error, let alone clear error, in denying Petitioner's § 2255 motion. Petitioner's Rule 59(e) motion is DENIED.[2] Petitioner's third motion to conduct discovery (Doc. 318) therefore is DENIED as moot.

---

[1] It is not clear whether the Court may consider a Rule 59(e) motion to consider an order denying § 2255 relief as a second or successive § 2255 motion, or whether the Court only lacks jurisdiction to consider arguments raised for the first time a Rule 59(e) motion for reconsideration of an order denying § 2255 relief. *See United States v. Jackson*, No. 12-cr-GF-SEH, 2014 WL 2085341, at *1 (D. Mont. May 19, 2014) (recognizing circuit split and lack of Ninth Circuit authority on whether district court has jurisdiction to rule on motion for reconsideration of order denying § 2255 relief or whether any such motion is barred as second or successive § 2255 motion); *see also United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (per curiam) (holding that because § 2255 petitioner attempted "to bring a new claim for relief, wholly independent of the claims adjudicated in his first § 2255 proceeding, his [motion to reconsider] must be treated as a § 2255 motion"); *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (explaining that district court lacks jurisdiction to hear second or successive § 2255 motion); *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (holding post-judgment motion under Fed. R. Civ. P. 60(b) may be construed as second or successive 18 U.S.C. § 2254 motion).

[2] Even with a review of the entire record *de novo*, this result would not change.

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in a § 2255 proceeding unless a circuit judge or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v McDaniel*, 529 U.S. 473, 483 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 341-42 (2003). To meet this standard, the petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (alteration in original) (internal quotation marks and brackets omitted) (quoting *Barefoot v Estelle*, 463 U.S. 880, 893 n.4 (1983)). In the absence of a COA, no appeal in a § 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

None of these circumstances is present here. "Although reasonable jurists could and do disagree about how to apply Rule 59(e) in a habeas action, [Petitioner's] claim does not make 'a substantial showing of the denial of a constitutional right' for the same reasons his initial § 2255 motion did not." *Jackson*, 2014 WL 2085341, at *1 (quoting 28 U.S.C. § 2253(c)(2)). The Court has reviewed the record and finds that the substantive issues are not debatable among jurists of reason. *See Lambright*, 220 F.3d at 1024-25. Accordingly, the Court DECLINES to issue a COA.

The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **January 11, 2016**        /s/ Lawrence J. O'Neill
                                   UNITED STATES DISTRICT JUDGE