**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL S. IOANE,<br><br>　　　　　Defendant. | 1:09-cr-00142-LJO-03<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>(ECF No. 324) |

## I. INTRODUCTION

Before the Court is Defendant Michael S. Ioane's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) ("§ 3582"). ECF No. 324. Upon a thorough review of the record in the case, including the Probation Office's Presentence Investigation Report ("PSR"), and the relevant law, the Court **DENIES** Defendant's § 3582 motion.

## II. STANDARD OF DECISION

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. § 3582(c)(2); *see United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2015, the Commission promulgated Amendment 791, which generally revised monetary loss tables to account for inflation. *See* U.S.S.G., sup. App'x C,

1

amend. 791 (2015); *United States v. Geringer*, 672 F. App'x 651, 653 (9th Cir. 2016). The Commission did not vote to make the Amendment retroactively applicable to previously sentenced defendants. *See id.*

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in USSG § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* U.S.S.G. § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

### III. DISCUSSION

Defendant's claim fails at step one of the inquiry. The Sentencing Commission's constraint on a sentencing court's authority to modify a sentence informs the step-one inquiry of whether a defendant is eligible for a reduction of sentence. *Dillon*, 560 U.S. at 825-26. Section 3582 permits a reduction of

sentence only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). The USSG provide that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Defendant argues that the Court should retroactively apply Amendment 791 to the Sentencing Guidelines, which amended Section 2B1.1's loss table to account for inflation. That Amendment is not listed as a covered amendment in U.S.S.G. § 1B1.10(d), and the Ninth Circuit has explained that Amendment 791 is not retroactive:

> [Defendant] also urges us to retroactively apply Amendment 791 to the Sentencing Guidelines, which became effective on November 1, 2015 and amends Section 2B1.1's loss table to account for inflation. U.S.S.G., App. C. Supp. at 102–10. This court "consider[s] three factors when assessing whether an amendment to the Guidelines applies retroactively: (1) whether the amendment is listed as a retroactive amendment in U.S.S.G. § 1B1.10(c); (2) whether the amendment is characterized as a clarification; and (3) whether the amendment resolves a circuit split." *United States v. Quintero–Leyva*, 823 F.3d 519, 522 (9th Cir. 2016) (citing *United States v. Christensen*, 598 F.3d 1201, 1205 (9th. Cir. 2010)). None of these factors support applying Amendment 791 retroactively here. The amendment is not listed under U.S.S.G. § 1B1.10(c), the Sentencing Commission expressly characterized the change as a "substantive amendment," U.S.S.G., App. C. Supp. at [1]10, and the amendment does not resolve any circuit split. Accordingly, the revised loss tables do not apply retroactively in this case.

*Geringer*, 672 F. App'x at 653. Because Amendment 791 does not apply retroactively, Defendant is not eligible for a reduction in his sentence. Where a defendant has no basis for seeking a reduction, the sentencing court must deny his motion. *See* U.S.S.G. § 1B1.10(a)(2)(A); *see also United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curium).

## IV. CONCLUSION AND ORDER

**IT IS HEREBY ORDERED** that Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), ECF No. 324, is **DENIED**.

IT IS SO ORDERED.

Dated: **April 13, 2018**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

3