UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL S. IOANE,<br><br>　　　　　　Defendant. | 1:09-cr-00142-LJO-03<br><br>**ORDER CONSTRUING MOTION FOR RETURN OF PROPERTY AS CIVIL COMPLAINT AND GRANTING MOTION TO DISMISS SAME**<br><br>(ECF No. 348) |

Before the Court for decision is Defendant Michael S. Ioane's ("Defendant") motion for return of property, brought pursuant to Federal Rule of Criminal Procedure 41(g) ("Rule 41(g)"). The motion concerns property seized pursuant to a search warrant from Defendant's residence on June 8, 2006. On April 9, 2009, Defendant was indicted for conspiracy to commit tax evasion and four counts of presenting false and fraudulent financial instruments in the form of "Bills of Exchange" that purported to be securities or financial instruments. ECF No. 1, Indictment. Defendant was convicted on all counts against him following a jury trial. ECF No. 138. He was sentenced January 30, 2012, with an amended Judgment and Commitment filed on February 14, 2012. ECF Nos. 181, 196.

Because there presently are no criminal proceedings pending against Defendant, the matter is treated as a civil complaint and reviewed pursuant to the Federal Rules of Civil Procedure. *See United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008); *see also Naranjo v. United States*, No. CR 00-

1

01110-RSWL-1, 2014 WL 12591477, at *2 (C.D. Cal. Jan. 3, 2014).[1] In light of this treatment, the United States has moved to dismiss the motion for return of property on statute of limitations grounds. ECF No. 352.

The Court agrees with the United States that the applicable statute of limitations is six years. A district court in the Central District of California provides a cogent summary of the applicable law:

> Although "[n]o statute of limitations governs motions for return of property under Rule 41(g)," the six-year catch-all statute of limitations for civil actions against the federal government is applied to certain Rule 41(g) motions. *Bertin v. United States*, 478 F.3d 489, 492-93 (2d Cir. 2007) (citing *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004) and 28 U.S.C. § 2401(a)); *see also Santiago-Lugo v. United States*, 538 F.3d 23, 24 (1st Cir. 2008) (joining the Second, Seventh and Tenth Circuits in holding that the six-year limitations period under § 2401(a) applies to Rule 41(g) claims). If a Rule 41(g) motion is "made after the termination of criminal proceedings against the defendant," a court treats it "as a civil complaint for equitable relief," for which § 2401(a) provides the statute of limitations. *Id*. at 493 (citing *Rufu v. United States*, 20 F.3d 63, 65 (2d Cir. 1994) (*per curiam*)).
>
> In *Bertin*, the Second Circuit held that 28 U.S.C. § 2401(a) provides the applicable statute of limitations for Rule 41(g) motions made after the termination of criminal or civil forfeiture proceedings. *Id*. (citing *United States v. Sims*, 376 F.3d 705, 708-09 (7th Cir. 2004) (applying the six-year statute of limitations in 28 U.S.C. § 2401(a) to certain Rule 41(g) motions); *United States v. Wright*, 361 F.3d 288, 290 (5th Cir. 2004); *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1210 (10th Cir. 2001) ("[W]e now join the Second, Fourth, and Seventh Circuits in holding that the bringing of Rule 41(g) motions is governed by the general statute of limitations set forth at 28 U.S.C. § 2401(a).")).
>
> The Second Circuit in *Bertin* reasoned that when property is seized and not returned or forfeited, "the claimant knows that he has a present right to its return, and shouldn't be permitted to postpone his request for its return indefinitely." 478 F.3d at 493, (citing Sims, 376 F.3d at 708). Thus, the court held that a Rule 41(g) motion accrues when the party seeking return of his property "discovered or had reason to discover that his property" was improperly seized. *Id*. (citing *Polanco*, 158 F.3d at 654). Further, the court held that where there has been a related criminal proceeding but no

---

[1] Contrary to Defendant's assertion, ECF No. 354 at 2, the Civil Rules control this motion even though he is still on supervised release. Defendant incorrectly asserts that this Court retains ongoing jurisdiction over his criminal case. *Id*. This Court loses jurisdiction over the criminal matter a short while after sentencing, *see* Fed. R. Crim. P. 35(a), except in limited circumstances provided by the Criminal Rules, such as a petition brought by the government under Fed. R. Crim. P. 35(b), a petition alleging a violation of supervised release, *see* Fed. R. Crim. P. 32.1, or a motion brought under 28 U.S.C. § 2255.

civil forfeiture proceeding, the cause of action accrues at the end of the criminal proceeding during which the claimant could have sought the return of his property by motion, but neither sought such return nor received his property. *Id.* (citing *Rodriguez-Aguirre*, 264 F.3d at 1212 (holding that in a case of seizure and wrongful refusal to return property where no civil or administrative forfeiture proceeding has been instituted against the property, the accrual date of a cause of action is when the plaintiff discovered or had reason to discover that he has suffered injury due to the defendant's actions)). The Second Circuit noted that the defendant in *Bertin* was sentenced (and judgment entered) on December 4, 1992, and held that his Rule 41(g) motion accrued on the same day. *Id.* at 494. However, because the defendant filed his Rule 41(g) motion on January 21, 2003, more than ten years after it accrued, well beyond the six-year statute-of-limitations period in 28 U.S.C. § 2401(a), the Second Circuit held that the defendant's Rule 41(g) motion was time-barred. *Id.*

*Naranjo*, 2014 WL 12591477, at *3. In a recent decision cited by the government, the Eighth Circuit reaches a similar conclusion:

> The pendency of a direct appeal or a post-conviction proceeding might justify the government's further retention of property as potential evidence in a criminal case. Once a judgment is entered, however, the government's need for the property is within the claimant's control. He could forego an appeal or a post-conviction motion and seek immediate return of seized property. Or he could pursue efforts to reverse or set aside the judgment, in which case his ability to seek return of property might be delayed. The potential for delay based on the claimant's litigating decisions does not change the fact that a claim for return of property was available—and thus accrued—at the time of judgment. In a rare case in which a direct appeal and post-conviction proceedings consume six years from the date of judgment, and justify the government's continued retention of property throughout the limitations period, the district courts have mechanisms available (such as staying a timely motion for return of property) to ensure that a claimant need not choose between seeking relief from the judgment and return of his property.

*United States v. Mendez*, 860 F.3d 1147, 1150 (8th Cir. 2017) (internal citations omitted). Although there is no Ninth Circuit case directly on point, the Court concludes that this reasoning is sound. Defendant's motion for return is subject to a six-year statute of limitations that accrued on February 14, 2012, the day this Court entered its Amended Judgment and Commitment. The motion, filed January 7, 2019, almost seven years after the Amended Judgment and Commitment, is untimely.

Defendant argues, citing *United States v. Gladding*, 775 F.3d 1149 (9th Cir. 2014), that his claim

3

is not time barred because the government has not yet provided notice of their intent to proceed via a forfeiture action. ECF No. 354 at 2-3. *Gladding* has no bearing on the present dispute, as it does not discuss the impact of forfeiture on the limitations period for bringing a Rule 41(g) motion. The Court also finds Defendant's position unpersuasive. The Eighth Circuit rejected a similar argument in *Mendez*, 860 F.3d at 1150. There, the defendant also argued that the statute of limitations did not expire until six years after the government's time for filing a forfeiture claim expired. A Seventh Circuit case, *United States v. Sims*, 376 F.3d 705 (7th Cir. 2004), provided some support for the proposition that in the absence of any criminal proceedings or civil forfeiture proceedings, the time for bringing a Rule 41(g) claim runs from the expiration of the statute of limitations for filing the criminal or civil forfeiture case. *Id*. at 709. But, as the Eighth Circuit pointed out, there <u>had</u> been criminal proceedings in the case before it, "so the time ran from the end of the criminal proceedings." The same reasoning is valid here.

Finally, Defendant argues that he has been "under legal disability since [his] incarceration of October 3, 2011," suggesting that this should toll the statute of limitations period. ECF No. 354 at 3. Here, the applicable limitations language provides that:

> …every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person <u>under legal disability</u> or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

28 U.S.C. § 2401(a) ("Section 2401(a)"). There is a California statute that defines a "disability of imprisonment" and tolls any cause of action brought under state law (or any cause of action importing state law tolling principles) for up to two years for any person incarcerated at the time the cause of action accrued. Cal. Code Civ. Pro. § 352.1. But, the Court cannot identify any authority that suggests this is a form of "legal impairment" sufficient to toll the statute of limitations under Section 2401(a). Relevant authority suggests otherwise. Section 2401(a) originated within the Tucker Act, *Howard v. Pritzker*, 775 F.3d 430, 436 (D.C. Cir. 2015), which contains a nearly identical provision regarding legal disability, 28 U.S.C. § 2501 ("A petition on the claim of a person under legal disability . . . at the time

the claim accrues may be filed within three years after the disability ceases."). A recent District of Columbia district court summarized the Court of Federal Claims' interpretation of the "legal disability" language in the Tucker Act and applied that interpretation to Section 2401(a):

> The Court of Federal Claims has concluded that "[l]egal disability is 'a condition of mental derangement which renders the sufferer incapable of caring for his property, of transacting business, of understanding the nature and effects of his [or her] acts, and of comprehending his [or her] legal rights and liabilities.' " *Tansil v. United States*, 113 Fed. Cl. 256, 264 (2013) (quoting *Goewey v. United States*, 612 F.2d 539, 544 (Ct. Cl. 1979)). Specifically, that Court has held that the legal disability "must impair the claimant's access to the court ... [and] must have prevented the [claimant] from comprehending his or her legal rights" in order to toll the statute of limitations period. *Hyde v. United States*, 85 Fed. Cl. 354, 358 (2008). The claimant carries the burden of overcoming the presumption of "sanity and competency," *Goewey*, 612 F.2d at 544, and must present evidence of the existence of the legal disability, *Hyde*, 85 Fed. Cl. at 358. Evidence that the claimant sought legal relief in the courts or from administrative agencies demonstrates lucidity. *See Dean v. United States*, 92 Fed. Cl. 133, 150 (2010) (declining to find that the plaintiff suffered from a legal disability because the "plaintiff exercised his legal right to seek relief from the [Air Force Board for Correction of Military Records] on multiple occasions"); *Hyde*, 85 Fed. Cl. at 358-59 (finding that the plaintiff "comprehended his legal rights" because he "repeatedly sought action from the Government regarding his allegedly lost patents" during the statute of limitations period); *Goewey*, 612 F.2d at 545 (concluding that the plaintiff did not suffer from a legal disability because he filed habeas corpus petitions to be released from a psychiatric hospital, engaged in efforts to secure benefits from the Veterans' Administration, and defended himself against criminal prosecutions).

*Shinogee v. Fanning*, 234 F. Supp. 3d 39, 43-44 (D.D.C. 2017). Following similar reasoning, incarceration has been rejected as a basis for legal disability under Section 2401(a). *See Terry v. U.S. Small Bus. Admin.*, 699 F. Supp. 2d 49, 54 n. 10. (D.D.C. 2010) (citing *Allen v. U.S. Dep't of Educ. Default Resolution Group*, No. 08-CV-2128, 2009 WL 649578, at *2 (N.D. Tex. Mar. 12, 2009), for the proposition that just because "plaintiff has been incarcerated for some or all of this time" does not "constitute a 'legal disability' that tolls the statute of limitations" under the plain text of § 2401(a)"). This reasoning is persuasive and the Court adopts it here. Incarceration, standing alone, is not a basis for tolling under the "legal disability" language of Section 2401(a).

Accordingly, the Court finds that Defendant' motion is time-barred. Therefore, the United States' motion to dismiss the request for return of property is GRANTED. The Court declines to address the alternative arguments regarding the propriety of withholding some of the seized material as contraband. This Order should not be interpreted to preclude or prevent any voluntary efforts by the government to return non-contraband seized materials to Defendant.

IT IS SO ORDERED.

Dated: __**March 25, 2019**__         _____/s/ Lawrence J. O'Neill_____
                                          UNITED STATES CHIEF DISTRICT JUDGE