# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:09-cr-00142-LJO-03 |
| Plaintiff, | ORDER TO SHOW CAUSE RE MOTION TO ALTER OR AMEND JUDGMENT |
| v. | |
| MICHAEL S. IOANE, | (ECF No. 357) |
| Defendant. | |

Before the Court for decision is Defendant Michael S. Ioane's ("Defendant") Federal Rule of Civil Procedure 59(e) motion to alter or amend this Court's March 25, 2019 Order denying Defendant's prior motion for return of property, brought pursuant to Federal Rule of Criminal Procedure 41(g) ("Rule 41(g)"). *See* ECF Nos. 356, 357,

Defendant's Rule 41(g) motion, filed January 7, 2019, concerned property seized pursuant to a search warrant from Defendant's residence on June 8, 2006. ECF No. 348. On April 9, 2009, Defendant was indicted for conspiracy to commit tax evasion and four counts of presenting false and fraudulent financial instruments in the form of "Bills of Exchange" that purported to be securities or financial instruments. ECF No. 1, Indictment. Defendant was convicted on all counts against him following a jury

1

trial. ECF No. 138. He was sentenced January 30, 2012, with an amended Judgment and Commitment filed on February 14, 2012. ECF Nos. 181, 196.

Because there were no criminal proceedings pending against Defendant as of January 2019, the Rule 41(g) motion was treated as a civil complaint and reviewed pursuant to the Federal Rules of Civil Procedure. *See United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008); *see also Naranjo v. United States*, No. CR 00-01110-RSWL-1, 2014 WL 12591477, at *2 (C.D. Cal. Jan. 3, 2014). In light of this treatment, the United States moved to dismiss the motion for return of property on statute of limitations grounds. ECF No. 352. In its March 25, 2019 Order, this Court found that: (1) the applicable statute of limitations is six years; (2) the statutory period began to run from the day judgment entered in the underlying criminal case on February 14, 2012; (3) the statutory period therefore expired in February 2018, so Defendant's petition, filed in January 2019 was untimely; and (4) Defendant's incarceration did not constitute a "legal disability" that should toll the statute of limitations. ECF No. 355.

Defendant now moves for reconsideration of the March 25, 2019 Order under Federal Rule of Civil Procedure 59(e), which permits the filing of a motion to alter or amend a judgment within 28 days of entry of the judgment. Defendant's motion for reconsideration, filed April 4, 2019, ECF No. 356, fewer than 28 days after entry of the Court's March 25, 2019 Order, was timely. Defendant later amended his motion. ECF No. 357. The United States has not filed a response.

There are four basic grounds upon which the courts have granted a motion for reconsideration under Rule 59(e): "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Insurance Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Reconsideration under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 220 F.3d 877, 890 (9th Cir. 2000).

Defendant argues that the Court has misapprehended the facts and/or applicable law in various ways. Citing *Nettles v. Grounds*, 830 F.3d 922, 936 (2016), Defendant first argues that the Court erred by failing to warn him of the consequences of conversion of his motion to one brought under the Federal Rules of Civil Procedure. ECF No. 357 at 3, 5. *Nettles*, a case brought by a prisoner, concerned a claim that sat close to the line between one that could be brought as a habeas corpus action and one that was more properly construed as a civil rights claim under 42 U.S.C. § 1983 ("§ 1983"). 830 F.3d 922. Nettles filed his case as a habeas petition, but both the district court and the Ninth Circuit concluded that Nettles' claims did not fall within "the core of habeas corpus" and therefore must instead be brought under § 1983. *Id.* at 933-34. The district court had the option of recharacterizing Nettles' claim as one brought under § 1983, but the Ninth Circuit cautioned that Nettles should be warned of the consequences of the conversion and given an opportunity to withdraw his claims instead. *Id.* at 935-36. Specifically, because Nettles was a prisoner at the time of filing, his § 1983 action would be subject to the Prison Litigation Reform Act's ("PLRA") three strikes rule, 28 U.S.C. § 1915(g), among other procedural restrictions. *Id.* at 936. In practice, this means that a plaintiff like Nettles should be given the opportunity to make his or her own choice about the procedural dilemma: risk obtaining a strike under the PLRA if one's claim is resolved on the merits in favor of the defendants or withdraw and lose the opportunity for that claim to be heard. *See also Castro v. United States*, 540 U.S. 375, 382-83 (2003) (similarly holding that a district court must notify the pro se litigant that it intends to recharacterize a pleading as a habeas corpus petition in order to warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has).

      Here, there is no similar procedural dilemma. Under applicable authorities, Defendants' motion for return of property must be construed as a civil complaint or not at all. The Court is not aware of any caselaw requiring it to consider Defendant's motion as one brought under the PLRA for purposes of the

three strikes rule. Therefore, there are no larger-scale procedural implications for Defendant, other than having his motion adjudicated according to the appropriate standard. Accordingly, the notice to which Defendant asserts he was entitled would serve no particular purpose. On this ground, Defendant's motion is DENIED.

Defendant also argues that this Court "overlooked" an existing civil case that addressed the seizure of his property. First, the Court was not aware of the ostensibly parallel civil case, *Halliday*[1]*, et al., v. Spjute, et al.*, 1:07-cv-00620 AWI EPG ("*Halliday*"), until Defendant mentioned it in his motion for reconsideration. Defendant indicates, without providing any legal citations, that "[u]nder California Law the Judge issuing the Search and Seizure Warrant is the Custodian and Fiduciary of the property seized," and is therefore "the only party authorized to release the property." ECF No. 357 at 3. Defendant does not explain how the civil case impacts or otherwise undermines the reasoning of the March 25, 2019 Order, which, as noted above, is grounded upon an analysis of the statute of limitations. However, the Court's own independent review of the *Halliday* docket reveals that the complaints filed in *Halliday* squarely seek the return of Defendant's property as a remedy. *See, e.g.*, *Halliday*, ECF No. 1. The initial *Halliday* complaint dates to April 24, 2007, more than two years <u>before</u> Defendant's criminal conviction, arguably putting the United States on notice of the request to return the seized property.[2] The Court therefore believes it may be appropriate to vacate its March 25, 2019 Order to the extent that it found Defendant's motion for return of property barred by the statute of limitations. In addition, if the dismissal order is vacated, for purposes of judicial efficiency, the Court is inclined to transfer the motion for return of property to Anthony W. Ishii, the judge assigned to the *Halliday* action, as he will be more familiar with the underlying search.

---

[1] Glenn Halliday was a co-plaintiff of Defendant in the *Halliday* lawsuit.

[2] In *Halliday*, Defendant was (and others still are) challenging various aspects of the lawfulness of the underlying search. It appears that most (if not all) of the claims in the *Halliday* lawsuit have been resolved in favor of the *Halliday* defendants. But, the procedural status of *Halliday* does not necessarily foreclose a motion for return of property here.

4

However, in an abundance of caution, the Court will afford the United States an opportunity to address these issues. Accordingly, on or before October 25, 2019, the United States may file a response addressing the impact of *Halliday* on the statute of limitations applicable to the present request for return of property. Alternatively, in light of the fact that the United States expressed willingness to return all non-contraband items to Defendant, ECF No. 352 at 3, the Court encourages the parties to attempt to resolve their differences on the seized materials without judicial intervention.[3]

IT IS SO ORDERED.

    Dated: **September 24, 2019**      /s/ Lawrence J. O'Neill
                                                        UNITED STATES CHIEF DISTRICT JUDGE

---

[3] This Order should not be construed as altering Court's determination that Defendant's motion is properly construed as a separate civil complaint for return of property.