# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL S. IOANE,<br><br>Defendant. | 1:09-cr-00142-LJO-03<br><br>**ORDER REFERRING PENDING MOTION TO DISTRICT JUDGE ANTHONY W. ISHII**<br><br>(ECF Nos. 348, 356) |

Before the Court for decision is Defendant Michael S. Ioane's ("Defendant") Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") motion to alter or amend this Court's March 25, 2019, Order denying Defendant's prior motion for return of property, brought pursuant to Federal Rule of Criminal Procedure 41(g) ("Rule 41(g)"). *See* ECF Nos. 356, 357.

Defendant's Rule 41(g) motion, filed January 7, 2019, concerned property seized pursuant to a search warrant from Defendant's residence on June 8, 2006. ECF No. 348. On April 9, 2009, Defendant was indicted for conspiracy to commit tax evasion and four counts of presenting false and fraudulent financial instruments in the form of "Bills of Exchange" that purported to be securities or financial

1

instruments. ECF No. 1, Indictment. Defendant was convicted on all counts against him following a jury trial. ECF No. 138. He was sentenced January 30, 2012, with an amended Judgment and Commitment filed on February 14, 2012. ECF Nos. 181, 196.

In April 2007, Defendant and others filed a civil rights suit arising from the execution of the search warrant on June 8, 2006: *Halliday, et al., v. Spjute, et al.*, 1:07-cv-00620 AWI EPG ("*Halliday*").

Because there were no criminal proceedings pending against Defendant as of January 2019, the Rule 41(g) motion was treated as a civil complaint and reviewed pursuant to the Federal Rules of Civil Procedure. *See United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008); *see also Naranjo v. United States*, No. CR 00-01110-RSWL-1, 2014 WL 12591477, at *2 (C.D. Cal. Jan. 3, 2014). In light of this treatment, the United States moved to dismiss the motion for return of property on statute of limitations grounds. ECF No. 352. In its March 25, 2019 Order, this Court found that: (1) the applicable statute of limitations is six years; (2) the statutory period began to run from the day judgment entered in the underlying criminal case on February 14, 2012; (3) the statutory period therefore expired in February 2018, so Defendant's petition, filed in January 2019 was untimely; and (4) Defendant's incarceration did not constitute a "legal disability" that should toll the statute of limitations. ECF No. 355.

Defendant now moves for reconsideration of the March 25, 2019 Order under Federal Rule of Civil Procedure 59(e), which permits the filing of a motion to alter or amend a judgment within 28 days of entry of the judgment. Defendant's motion for reconsideration, filed April 4, 2019, ECF No. 356, fewer than 28 days after entry of the Court's March 25, 2019 Order, was timely. Defendant later amended his motion. ECF No. 357.

The parties have been working to resolve this dispute informally, but communication with Defendant has been difficult in recent weeks due to his transfer between facilities. *See* ECF Nos. 367 & 369. Regardless, all parties appear to agree that Senior District Judge Anthony W. Ishii, who is presiding over *Halliday*, will be in the best position to resolve any remaining disputes. *See* ECF No. 369 at 2; ECF No. 356 at 4. Judge Ishii has indicated his consent to have the motion transferred to his docket.

Accordingly, it is hereby ORDERED that Defendant's Rule 59(e) motion, ECF No. 356, as well as the underlying Rule 41(g) motion, ECF No. 348, are **REFERRED TO SENIOR DISTRICT JUDGE ANTHONY W. ISHII** for resolution.

IT IS SO ORDERED.

Dated: __**January 4, 2020**__        _____/s/ Lawrence J. O'Neill_____
                                   UNITED STATES CHIEF DISTRICT JUDGE