UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL IOANE,<br><br>    Defendant. | Case No.: 1:09-cr-00142 JLT<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>(Doc. 378) |

Michael Ioane moves the Court for an order terminating his supervised release early. He has been under supervision for approximately 30 of the 36 months ordered. Nevertheless, for the reasons set forth below, the motion is **DENIED**.

**I. Background**[1]

Michael Ioane was convicted of federal tax fraud conspiracy under 18 U.S.C. § 371 and for presenting fictitious United States financial instruments under 18 U.S.C. § 514(a)(2). At his sentencing hearing, District Judge O'Neill noted that Mr. Iaone lied in his testimony at trial and described him as "far from stupid. He is cagey. He is conniving. He is smart. He is wily." (Doc. 217 at 13, 15, 36) Judge O'Neill observed,

---

[1] Unless otherwise noted, this information comes from the presentence report (Doc. 20), and the probation officer's response to the motion.

1

> I thought that District Judge Spencer Williams from the Northern District, in his August 25, 2000 Order, said it best, at page 2, lines 14 through 16, because if there is one thing about Mr. Ioane, is that he is consistent. And when Judge Williams said, quote, "With respect to Mr. Ioane, rarely has this Court encountered an individual more delusional about his ability to cheat the system and dodge his financial and legal obligations," end of quote, that's exactly what I'm saying.

(Doc. 217 at 17) As to the order by the Northern District, Judge O'Neill continued, "It shows consistent behavior, consistent attitude, and it shows an indication that this isn't just an aberration and it is not as it is being presented by him, that "I'm just this poor sap, who just is trying to do what I can to help somebody else be -- stay within the law and be lawful." He is not doing that at all. He is -- he is a sophisticated cheat, and he simply won't admit it." Id. at 17. Judge O'Neill commented,

> Here is a family who loves him, and from all indication, we have a man who loves them. But that does not change the fact that he has committed these crimes that he has been convicted of, but he is not believing he did.
> He, for whatever reason, I don't know what it is, I don't know if he has conned himself, but he is not admitting it, he is not coming to grips with the severity of this, the truth of it. And I don't get that part.
> He is too smart, he is too wily, to not understand what's gone on here. But he is convinced, in my view, he has convinced himself that he just hasn't done anything wrong, and it's an extraordinary thing, but he has.

Id. at 20.

Despite the court making extremely clear that Mr. Iaone knowingly and purposefully committed the crimes and then knowingly and purposefully lied about them in his testimony, the court rejected the recommendation of the probation officer of 120 months and, instead, sentenced him to 108 months on each count to be served concurrently, followed by 36 months of supervised release. (Doc. 217 at 39.) It seems apparent this was due, in no small part, to the fact that Mr. Iaone was loved and supported by his family and friends and had been an active and positive influence in his community even while committing his crimes.

Mr. Iaone began supervision in on February 28, 2020, and supervision will end on February 28, 2023 (Doc. 378 at 3). Throughout this time, he has complied with the terms of his supervision. (Doc. 384 at 4)

In the years leading up to his arrest and conviction, Mr. Iaone filed numerous frivolous and harassing lawsuits. (Doc. 384-1 at 19) In imposing prefiling sanctions on September 26,

2000, the Northern District found,

> Attached at the Appendix is a list of all cases filed in the Northern District of California by Mr. Ioane, Ms. Olson, or both. This list does not include actions before the U.S. Bankruptcy Court, or the Court of Appeals. This large number of frivolous actions led this Court to conclude that vexatious litigant orders are necessary to protect future defendants and to protect an already overburdened court. Mr. Ioane and Ms. Olson, alone or together, have filed no less than 26 lawsuits. All have been dismissed, usually for failure to state a claim.
>
> The Court finds that Plaintiffs" actions are consistently frivolous attempts to escape from debts, harass creditors, and burden the federal court. For example, in the present case Plaintiffs are attempting to regain possession of the subject properties without debt. In Civil No. 96-20629 SW, <u>Ioane v. Alter et al.</u>, and Civil No. 97-20831 JW, <u>Ioane v. Stein et al.</u>, Mr. Ioane concocted schemes to escape from credit card debts. In Civil No. 98-20599 JF, <u>Ioane v. Triplett et al</u>.; Mr. Ioane attempted to use the civil rights laws to avoid paying a simple speeding ticket. In a more recent case, Civil No. 00-20199, <u>Stenshoel and Ioane v. State of California Board of Equalization et al.</u>, Mr. Ioane purported to have standing to challenge a tax debt owed by others. Ms. Olson's filings have all related to the two foreclosure sales at issue in the present case. Ms. Olson has filed five frivolous lawsuits in the Northern District of California relating to the sales.

<u>Id</u>. at 20-21. Consequently, the Court required "Mr. Ioane to obtain permission prior to filing any new lawsuit, including "every complaint, petition, application, or request he files in this district," except for those filed before the date of entry of the Prefiling Order." (Doc. 348-2 at 1.) Despite this order, Mr. Ioane filed a motion to reopen his bankruptcy proceeding related to a claimed error made in 1998. <u>Id</u>. Rather than complying with the prefiling order, he asserted that the filing was not covered by the order. <u>Id</u>. at 2. The Court disagreed and denied permission to file the motion even though the bankruptcy judge had denied the motion on its merits. Notably, at his sentencing hearing, Mr. Iaone admitted that past legal filings, "were, you know, foolish. I look back at them that were done seven years ago, and I'm embarrassed that I was involved in those." (Doc. 217 at 22.)

In his current motion, Mr. Iaone asserts that because he has complied with the terms of his supervision and has integrated into the community. He asserts that his family wishes to move to Nebraska but has delayed this desire due to Mr. Iaone's supervision status. (Doc. 378 at 6.)

Though probation does not oppose Mr. Iaone's request, the government asserts that Mr. Iaone has failed to demonstrate his ability to self-manage and cites to the harassing litigation tactics employed by him in the past and his recent attempts related to his prefiling sanction in the

Northern District of California. (Doc. 384) Mr. Iaone downplays this argument as describing his conduct as "engag[ing] in lawful civil litigation." (Doc. 387 at 5, n. 2) The Court disagrees.

**II. Analysis**

The Court acknowledges its discretion to terminate supervision early in this case.  In considering the motion, the Court notes, first, that the underlying offense was egregious and long-standing. In addition, Mr. Iaone purposefully lied in his testimony in court. As a result, the sentencing judge made a considered effort to impose a sentence that was appropriate to the circumstances of the case and Mr. Iaone's history and characteristics.

Second, despite having served a lengthy prison sentence and a period of supervised release, he seems to not have learned from it and further deterrence is required. Notably, the sentencing judge observed that Mr. Iaone had conduct for which he was convicted was not an isolated event. The court called him a "cheat" and a "con" and cited with approval the findings of the North District of California related to his frivolous and harassing litigation tactics. Upon this backdrop and with the specific and pointed findings by the Northern District of California related to his prefiling sanction, he actively attempted to avoid the prefiling restriction and failed to comply with it. In the Court view, this conduct bodes poorly for the future, and it typifies Mr. Iaone's conduct of the past.[2]

Thus, after considering all of the relevant §§ 3553(a) factors and the authority vested by 3583(e)(1), the Court finds that termination of supervised release early is not warranted. Consequently, the motion is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 2, 2022**

UNITED STATES DISTRICT JUDGE

---

[2] The Court does not suggest that he cannot engage in good-faith litigation.  Unfortunately, by ignoring the prefiling sanction, it does not appear he has done that.